IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 5-25-00234 |
| JOHN R. WAZNAK | : | |
| Debtor. | : | CHAPTER 13 |

*************************************************************************

| | | |
|---|---|---|
| JOHN R. WAZNAK | : | |
| Movant, | : | |
| vs. | : | |
| LACKAWANNA COUNTY TAX CLAIM | : | |
| BUREAU, LAND HOME FINANCIAL | : | |
| SERVICES, PORTNOFF LAW | : | |
| ASSOCIATES, LTD. and | : | |
| JACK N. ZAHAROPOULOS, ESQ. | : | |
| Respondents. | : | |

*************************************************************************
**DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY
UNDER 11 U.S.C. SECTION 362(c)(3)(B) and 11 U.S.C. SECTION 105**
*************************************************************************

AND NOW COMES, John R. Waznak, the Debtor, and files a Motion to Extend the Automatic Stay pursuant to 11 U.S.C. Section 362(c)(3)(B) and 11 U.S.C. Section 105 and states the following:

1. On January 29, 2025, Debtor filed a Chapter 13 Voluntary Petition with the United States Bankruptcy Court for the Middle District of Pennsylvania.

2. The above Respondents are secured creditors of the Debtor and retain a lien against Debtor's residence located at 1213 Court Street, Scranton PA 18508.

3. Jack N. Zaharopoulos, III, Esq., was appointed the Chapter 13 Standing Trustee.

4. Debtor has previously filed a Chapter 13 Bankruptcy Petition with the United States Bankruptcy Court for the Middle District of Pennsylvania at Case No. 5-22-01258. Said case was dismissed on June 18, 2024.

5. Since the dismissal of the previous bankruptcy, Debtor's monthly Social Security Benefits have increased by $78.00. In addition, Debtor is now receiving monthly contributions

from his fiancé in the amount of $1,200.00. Therefore, the monthly income has increased allowing him to fund the Chapter 13 Plan.

6. Under 11 U.S.C. Section 362(c)(3)(A), the automatic stay in this case shall terminate on the 30th day after the filing of the bankruptcy petition as to the Debtors and Debtors' property.

7. Debtor requests an extension of the automatic stay as to the Respondents and all creditors. Based on the above factual allegations, there is clear and convincing evidence that the instant bankruptcy petition has been filed in good faith and for cause.

8. Debtor requires the extension of the automatic stay to protect the Debtors from collection efforts against their property.

9. Debtor is able to maintain the monthly mortgage payments and trustee payments to cure the arrearage. There is sufficient reason and cause to continue the automatic stay under 11 U.S.C. Section 362 indefinitely to allow for the Debtor to cure the mortgage arrears and pay secured creditors. There has been substantial changes in Debtor's finances to support such a ruling of good faith under 11 U.S.C. Section 362(c)(3)(B) and this is not an abusive filing or serial filing.

10. Debtor request the scheduling of a hearing on their Motion to Extend the Automatic Stay prior to the expiration of the thirty (30) days which is calculated to be February 28, 2025.

11. The filing of the Motion to Extend Automatic Stay is to obtain a protective and/or comfort order against all secured creditors and the Debtor(s) is not waiving and/or consenting that the automatic stay would terminate on the 30th day after the filing of the Bankruptcy Petition as to property of the estate. It is the Debtor(s) position that the automatic stay continues as to

property of the estate after the expiration of the thirty (30) day period and the stay would remain in effect against all secured creditors in which liens attach to property of the estate. The Order is necessary as to all secured creditors to assure that the property of the estate is not taken at the expiration of the thirty (30)days as in this District, the Debtor(s) has no guidance as to whether the automatic stay continues beyond the thirty (30)days as to property of the estate. See **In re Gillcrese**, 346 B.R. 373 ( Bankr. W.D. PA 2006); **In re Williams**, 346 B.R. 361 ( Bankr. E.D. PA 2006); **In re Simonson,** 2007 Bankr. LEXIS 790 (Bankr. D.N.J. 2007)

WHEREFORE, the Debtor respectfully requests that this Honorable Court grant the Debtor's Motion to Extend the Automatic Stay indefinitely against the Respondents and all creditors as to Debtor(s) and Debtor(s) property and a confirmation order that the automatic stay continues against property of the estate and such other relief as the Court deems necessary and/or in the alternative, issue an Order extending the Automatic Stay until a hearing is conducted on the Motion.

Respectfully submitted,

Date: January 29, 2025     LAW OFFICE OF TULLIO DELUCA, ESQ.

/s/Tullio DeLuca
Tullio DeLuca, Esquire
PA ID# 59887
Attorney for Debtor/Movant
381 N. 9th Avenue
Scranton, PA 18504
(570) 347-7764